Case No. 25-1205, Scott Williams v. Addison Community Schools, et al. Argument not to exceed 15 minutes per side. Mr. Herron, you may proceed for the appellant. Good afternoon, Your Honors. It may please the Court, Jeff Herron for Appellant Scott Williams. If I may, I'd like to make just a few brief remarks and then proceed to the issues the Court notified us it would like us to be prepared to address at all. Can I ask something that does . . . it's a logistical question. Is the microphone turned up as much as it usually is? I thought during the first case that maybe it was just that case and that they were really soft-spoken. I'm having trouble . . . well, not hearing, having to strain to hear beyond what would seem normal. Your Honor, I had the same observation sitting behind the prior appellant's counsel. I thought it was . . . I will lift my voice. Please do. I just thought everybody seemed to be speaking very softly and I was . . . it just didn't seem normal to me. And I was paying more attention to the volume level sometimes than the content, which is not what I wanted to be doing. I would like the focus to be the content and I'm capable of volume, so I'll start over if I may. We've been told it's on maximum volume, so just . . .  Your Honor, I was saying I wanted to make brief comments before turning to the issues the Court has asked us to be prepared to address today. And you're reserving five minutes for rebuttal, is that correct? I am reserving five minutes. I've used about a minute and fifteen of the volume, so I'll ask for some indulgence if it's necessary.  I simply want to remind the Court how narrow this appeal is. This is solely a question under Article I, Section 17 of the Michigan State Constitution. It is not a due process claim. We did not appeal the grant of summary judgment on the federal claims, nor did we appeal the grant of summary judgment on another state constitutional claim relating to free speech. And we did so intentionally for reasons I'll get into. The fact that it's only about fair and just treatment explains why neither in my brief nor in the reply I did not file, I burden the Court with all of the facts or alleged facts concerning the conduct by Mr. Williams. And obviously he disputes the characterization in the appellee's brief, and he did so with detail below in responding to their motion. On appeal, both sides agree that the substance of the complaint is not the inquiry. We do so on page 20 of our brief. Appellees do so on page 20 of their brief, citing Joe Dan for the very language that the substance of the complaint is not the inquiry. This is about the investigation and the hearing, and whether those were fair and just, and not what's the right outcome of any particular allegation. And that explains my somewhat unorthodox approach of not filing a reply brief, because we simply didn't want to address that, and I thought that all of the other legal issues were appropriately briefed. With that in mind, and again it's not clear from their brief that their, their brief tends to talk a lot about the federal due process or just due process in general, as does the District Court's opinion. So there's some confusion there, and I just wanted to clarify that out. The courts ask us to address two issues. One is the proprietary of the District Court exercising supplemental jurisdiction, having dismissed all the underlying federal claims. And there's very little we can divine from the District Court's opinion as to why the District Court did that. The District Court at footnote three says she's reviewing for completeness, and speaks to the notion the federal court should refrain, but then she proceeded to go on and address the merits of that claim. The cases the court cited in the letter from the clerk indicate that it's a question of abusive discretion. And there are a couple of things one might say about that. One, I think it's clear it would not have been an abusive discretion for her to not exercise supplemental jurisdiction. The question occurred to me, if my appeal had been solely on the basis of abusive discretion that she did, would that have been sufficient for a reversal? And I confess I've not seen a case like that, and it didn't occur to me to appeal on that basis alone. But I guess the question invites the court to say, if an appeal like that came your way, would you reverse if that were the only argument an appellate made? Having asked the lower court to decide the issue, the lower court does, dismisses all the federal claims. We lose on the state claims. Can we pull that loss away simply by saying that was an abusive discretion to rule even though we moved? And I don't know how a court might answer that question. It also reveals the great temptation in the court's question from Friday. If the remedy, as the cases seem to suggest, is that if it was an abusive discretion and this court's going to remand, it will remand with an instruction to vacate. And vacating would have the effect of taking away a loss. So there's an obvious temptation to argue that, of course, it was an abusive discretion. But the clerk's letter from Friday said be prepared to discuss. And so I believe my duty of candor requires something more than simply arguing for what would be a sure tactical win. District court has discretion. The cases cited in the clerk's letter generally talk about either it was an abuse but we're going to review anyway for some reason having to do with the fact that the court was reversing on a RICO claim. Or they generally just cite either it's because all the federal claims were dismissed or because it's a novel or complex issue of law. I couldn't find any case law that actually spends much time describing what is novel, what is complex, by what standards are we to say this is novel or not, complex or not. Well, let me ask you this. In this circumstance, has the Michigan Supreme Court spoken on the contours of the fair and just treatment clause under the Michigan Constitution? I believe they have in a way that narrows the inquiry so much that it begs the question, is this really novel at this point in our jurisprudence? Because Bauserman unmistakably says every constitutional wrong must have a remedy or the right is illusory. If you start with the premise that there must be a remedy, then every other case that sort of limits can we do this or not talks about is there either an alternative remedy, some of the older cases and indeed the Reeves case which I mentioned in my brief, the recent Court of Appeals decision which is subject to an application for leave, Bauserman actually talks about an adequate remedy. And we have placed this case on an island because there is no federal corollary. There is no remedy created by the Michigan legislature or yet its courts. Section 1983 doesn't apply because there's no corollary federal. Can we pause in that because there's another connector? What remedy was requested? I'm seeing a request for a remedy as the court deems appropriate and I'm struggling because it seems to me that you have to have made a demand for a type of remedy that to which there is a pathway to receive that remedy. So how does that work? Well, in Bauserman itself, I need to flip into my notes to get to this because that's the second question the court raised. Bauserman itself makes clear that monetary damages are available for constitutional violations and that's at page 874 and 875 of the Bauserman opinion. And it's cited in my brief on page 49 of our brief. So the court has said monetary damages are available. What is the basis in this case for monetary damages? And again, if you assume the federal model where you cannot get damages merely for the violation, you must allege another harm, there is no economic here. This was an unpaid position. But we do at paragraphs... And he remained on the board. And he remained on the board. We do allege at paragraph 17 any number of emotional damages. Paragraph 17, page 18 of the amended complaint, page ID 87. We do allege those damages. And although the argument that there was no damages was not raised below, it's cropped up now. And there is in the record specific testimony regarding the harm that my client sustained. And that would be in his deposition at pages 143 to 149. And in the record that's at page ID 344 to 346. He spoke to the harm that he sought counseling. He was under treatment. He talked to the affront to his dignity. And dignity may be another type of remedy. What did you say? Oh, I'm sorry. I said that Mr. Williams in his deposition at page 143 to 149 testified about the emotional harm that he was seeking care from a psychologist and from his primary care physician. And that's a harm that came from the unfairness and from the treatment in the investigation and the hearing itself. And so we believe we have both pled and there is evidence in the record of harm that would warrant an award of monetary damages. And I didn't know if that was the specific nature of the inquiry. What exactly the court had in mind when it said let's talk about what remedies are available. I assumed it was that. And so I'm prepared to answer that. I see your time is up. Thank you. Good afternoon. May it please the court. Gregory Amer on behalf of the appellees. I think a reasonable starting point for this argument is where Brother Counsel just ended. And one of the main arguments that he makes with respect to the fair and just treatment claim is that it is limited and constrained to investigation and hearing only. And the hearing stopped at the conclusion of the closed session. The censure, which is really the source of the emotional harm that he just interjected here that Mr. Williams suffered, happened admittedly after the Jodan analysis ends by his own admission or his own argument in his brief. I don't believe that there is any injury here. I don't think the record supports any injury to Mr. Williams by virtue of having a position on a board removed. Before you go too far down that lane, can you do as Brother Counsel did and speak to the issue of the exercise of supplemental jurisdiction by the district court? Yes, Your Honor. And I think we agree that it is an abuse of discretion standard. I do not believe that there is a sufficient basis. The discretion was abused here. The analysis with respect to supplemental jurisdiction is dismissal of state claims. That's exactly what happened here. And we have in the Brown decision some guidance with respect to although the court may not have necessarily needed to review an intentional infliction of emotional distress claim, it did, and this court affirmed that dismissal on that basis. So although it's not specifically articulated as to why, the rationale remains that the dismissal was appropriate for completeness. This case was a... Well, isn't the difference though that if she had dismissed because of a lack of supplement or not exercising supplemental jurisdiction, and that would have been a dismissal without prejudice and so the claim could still be brought in state court, whereas here the dismissal is just a dismissal, correct? Certainly. Okay. And it bears problematic in the actual claim of appeal, not incorporating the federal claims, which then triggers the inquiry that we received last week. But nonetheless, the analysis is sound. The due process claims were dismissed both at the federal and state level, and they are separate from the fair and just treatment argument, but they are intertwined. And so that analysis carries through as to what was provided to Mr. Williams leading up to. Yes, Your Honor. How are they intertwined? I guess I'd like for you to maybe expound on that a little bit more, because there is no analog to Michigan's fair and just treatment clause in the United States Constitution. So I hear you saying that it's intertwined presumably with the due process clause? Yes, Your Honor, and I'm talking about the state constitutional claim does speak to due process first and then carries into the fair and just treatment within the article. But the analysis here about how this proceeded, and although it did not impact a property interest as properly ruled upon by the lower court, it speaks to the actions of the district. And I think where this goes sideways is the district provided exactly what it was required to, notice, opportunity to respond, election of closed session, information pertaining to the basis as to why, and then a majority vote. Isn't that then where the dispute arises about Robert's Rules of Order? It does. However, the argument advanced by the appellant here is that Robert's Rules of Order has been violated and there are no special procedures dictated. That's not true. The board policy as to election of officers dictates how officers are selected and also dictates how officers are removed. And that's exactly what was followed here. Can I comment on it? Sure. But Robert's Rules of Order indisputably provide a great deal more information and specificity of requirements. No doubt, Your Honor. No doubt. Weren't the rules adopted by the board? They were, but the special procedure as it pertains to removal of officers is specifically carved out by this district in its policies in that all is required is cause and a majority vote by the board. And that's exactly what happened here. It simplifies Robert's Rules as opposed to complicates it and triggers essentially a public trial. So are you saying that the special procedures that the board has adopted basically suspend its adoption of Robert's Rules for everything else? Not necessarily, but it does for that specific issue because this is more or less an annual function that the board takes. And then if they need to address matters that are problematic, Your Honor, they can remove someone for a cause. And the special procedures are codified where? That's the board policy PO 152. And they're not complicated. They're actually simplified. The process is specifically outlined as to how an officer is selected and how an officer is removed. And that's exactly what happened here. The board policies make this function easier, not harder, as dictated by Robert's Rules of Order. And can you tell me where PO 152 is in the record if you've got a page ID number for the citation? I will try to. I know it was Exhibit 12 or 13 in the lower court on the motion advanced by a plaintiff on the fair and just treatment. I'm sorry, it's not popping up to me. Do you recall citing it in your brief? I believe so. In your opening brief? I believe so. It's just not ringing a bell with me. I'm not sending you on a wild goose chase. I really just, if you can find it, that would be great. If you can't, then I don't want to take up time. I know it's in there, Your Honor. It's just not popping out to me. Do I understand, too, where we are on this core concept about what the fair and just treatment clause applies to? There's argument about whether it is a legislative and executive investigation. That's Jodan, right? Correct. Let me just ask you then, what is your position on whether the fair and just treatment clause applies in this context? As to a municipal school district? Yes. It does not apply because the school district is not a state agency, and that has been identified by NEPALA versus Plymouth Community Schools. The school district is separate and distinct from an arm of the state and does not enjoy the 11th Amendment immunity protections that the state would. Isn't there mixed case law on whether a school district in some situations may be considered a municipality or a municipal entity and in other circumstances may be considered some component of a state agency? Yes, Your Honor, but in this particular circumstance where the actions are affecting those within the municipal school district, that would not apply. This is simply a board function where you have election of officers happening and removal for a cause. And so in our assessment, that's not a legislative function, one, and that's also not an executive function, number two, because it's the board operating in and of itself. So that I'm clear on this, if that is the case and the only appeal was on the Fair and Just Clause, is that the resolution of the case? Yes. And I think the lower court's opinion speaks to that as to why it took the step of skipping whether or not, the Fair and Just Treatment Clause applies to a public school district in Michigan and goes to the heart of the matter, applying the law from JODAN and the undisputed facts that Mr. Williams was treated fairly and justly and acquiesced to the process that was invoked at the board meeting in April of 2022. Affirmatively acquiesced or acquiesced by failing to rise it? Well, I would say he affirmatively acquiesced because Mr. Williams was sophisticated enough to request closed session. And so he knew what his... You would apply that as acquiescence. I would. And then I would also impute that Mr. Williams, as board president, is sophisticated enough to understand operation of a meeting and invocation of certain rules that if he felt were violated, it is his responsibility as board president to control. And he did not do that. Mr. Williams essentially sat back in closed session, which was, again, at his request, heard the comments, and basically did nothing but was provided all the protections that he requested. He had an opportunity to review the information. What kind of an opportunity did he have to review the information? I mean, this is, what, 100 pages of unindexed documents. There's not one thing in those documents that was news to Mr. Williams. Mr. Williams was utilizing the district's email domain for his own personal interest. Mr. Williams was threatening administration and staff regarding their jobs, to the point where he apologized. Mr. Williams was well aware and could not identify one thing from that packet that he was not aware of. He knew why they were there and what the purpose was for that hearing. So then why, if what he knows is that he is the one whose head is on the chopping block, so to speak, and he chooses not to have that done in public, why does that make him unable to avail other procedural rights that he should have had? Because he never invoked them in the first place, and the board policy... Help me understand. Is there a required... Does he lose a right that the law gives him by failing to attempt to enforce it? Or is it his right, and now we're looking at his right? It's certainly his right, as with any individual's right to have. However, when you look at the totality of what took place here, Mr. Williams himself failed to avail himself of that right and therefore proceeded on a plan for this hearing that did not violate any right that he had. I mean, he was provided everything that he was entitled to, and even up to this point, I'm not exactly sure what exactly it is that Mr. Williams says that he was entitled to relative to this situation that he did not receive. He was afforded the opportunity to bring a support person into the closed session and did so. Well, I think what he's saying that he was entitled to was all of the procedures under Robert's Rules of Order, but you're saying that the special order is what he was entitled to. Is that correct? Certainly. I mean, it's... Okay. That was just a quick question. Sure. I actually want to circle back to something else that you said, because I want to make sure that I'm understanding you properly.  I understood you to say that the Fair and Just Treatment Clause doesn't apply to the school district, but by the same token, that he was treated fairly and justly. Well, we believe he was, regardless of whether or not that constitutional provision applies, and that's why we believe the district court's ruling was correct. So you're arguing in the alternative either. On the one hand, it didn't apply. But if it did apply, he received what he was supposed to receive. Certainly, Your Honor. Okay. The sole premise of the board function here is to operate on a monthly basis, set policy, and evaluate the superintendent. That's their entire role. They're an oversight board, elected officials. Mr. Williams was not deprived of any right that he had as an elected official, and that's where we believe that there is no basis for any remedy available within this record. He did not lose anything, and in fact, only could have claimed entitlement, so to speak, if there was not cause to remove him to the presidency for a period of one year. The first meeting of every January, officers are reelected and reappointed. And then we also alluded to the fact that Mr. Williams did, in fact, resign from his position in February of this year, which I think further evidences or cuts off any claim of injury in this matter. If there's any other questions the court has, I'd be happy to entertain them. Otherwise, I'm finished with my presentation. Thank you. Appreciate it. A couple things in response, and then I'd like to return to the propriety of exercising supplemental jurisdiction. The bylaw section that was cited as this is our truncated procedures, I don't have the page ID number either, but when you get there, it's going to say that a board member may be removed for cause by a majority vote, which is no procedure at all. And I speak to that in my analogy to whether or not the rules of impeachment for a president have been supplemented by requirements about what the majority needs to be to remove a president. The assertion that there was nothing in the packet that surprised my client is without support in the record. It's not anywhere in the briefs, and I assure this Court, there are many things in that packet that surprised my client when he read them. Complaints by school employees that he had no idea existed. Complaints that were clearly a misunderstanding and a misinterpretation of what he meant to say when he said something. Some of them were things that he had already conceded he owed an apology for, correct? Exactly, and that apology was for raising his voice at a school board meeting to the financial officer of the district who was challenging him on an issue of whether or not board members had access, I believe the issue was whether or not board members have access to student records, which districts outside counsel had told my client they do have access. Do they have access in their capacity as a board member, or the public does have access? Because one is the use of your authority, and the other is a public right. The Troon Law Firm had advised Mr. Williams that school board members can access student records, they have to keep them confidential. There was a dispute as to whether or not he could have access to records, and in fact in that instance he wasn't actually asking for student records, he was trying to get a list of how many students have left the district, because it's a small district with a declining population, and that's an existential threat. What he apologized for was raising his voice to the financial officer saying, stay in your lane. It was a heated discussion. We asked for the audio tape of that, we had a dispute over whether or not that was privileged. After we had that motion below, the answer was, oh, that recording doesn't exist. What I would say is this. He apologized to his board members, saying I'm president, I shouldn't raise my voice, I apologize to my fellow board members. He then attempted to set up a meeting with the superintendent and the affected employee, and the superintendent didn't want to have that meeting. Things were obviously tense in the relationship there. The other interesting thing about that meeting, if you read the resolution, the censure and removal resolution, it makes no mention of that incident, which was witnessed by the entire board. There was no need to investigate it. Everyone was present, everyone saw it. He apologized that night. How does that excuse Mr. Perry proceeding with his own investigation? Well, the answer is it doesn't. And that's where the protections of Robert's Rules become so important, because ultimately the question in a case like this is, if local elected officials are able to treat local elected officials this unfairly, this unjustly, to ignore our procedures, who will serve on our local boards and commissions? Who will subject themselves to this kind of arbitrary, unfair opinion? That is the underlying reason this case is before you. So it's your position that the Robert's Rules, in their entirety, governed everything that should have been done? The briefing has both practical concerns on both sides, but your suggestion would be if a board member has a problem with the other board, then there are these procedures that take a long amount of time or require there to be public hearings and public notices. Is it your position that that is in fact necessarily required for an entity, a school board, that has a provision that says, if you may be removed by majority vote of the board? Sure. Yes, within the protections to a local body that Robert's Rules of Order provides. Robert's Rules of Order provides that the board may modify its previously adopted procedures. I ask every board member, did you do that? Every board member testified, every defendant testified, no, we did not amend them. They could have done that. The other protection that provided... Could have amended Robert's Rules? Yes, Robert's Rules itself has a provision that says... Did their rule that they had already passed as a board not meet that requirement? It is a simple majority. It did not. Well, they adopted Robert's Rules, and under Robert's Rules, the provision that says, first of all, specifies the term of office, because it's an and, serve for a term and until. Under Robert's Rules, that's what kicks in the broader protections. And at the time they adopted Robert's Rules, is when they also adopted the whole procedure that said you can be removed for cause. And it would be inconsistent to say we're adopting this, you can be removed for cause with a majority vote, as a way of exercising all the procedural rights spelled out in Robert's Rules when you're adopting them all at the same time. But Robert's Rules does allow you to modify the procedures. I'm struggling with that because it's a question of intent of the board. So the question is, did the board intend that their rule simultaneously enacted is what would govern as a more specific governing rule than the general right under Robert's Rules of Order? Our position would be that Robert's Rules allows for amendments, but those amendments would be made at the time of the proceeding in question. They can't pass a rule in advance? Well, I think they could, but they testified they did not. And so I don't think they availed themselves, nor could they, the other thing they could have availed themselves under Robert's Rules is once an investigation is started, they could have removed Mr. Williams from his responsibilities pending the outcome of the investigation and the hearing. So local boards, although it may take some time, they are not constrained and strapped to someone they may very well want to remove, they may believe there's cause. There are protections. They can remove him temporarily pending the outcome, and they can shorten the procedures if they want to. Briefly on the issue of... If you could wrap it up, I'd see you're out of time. I think the court has three, possibly four, paths on the supplemental jurisdiction thing. I do want to advise the court that the Reeves decision that was handed out by the Court of Appeals, there is an application for leave pending that appears to be fully briefed, including three amicus briefs, and that application is pending before the Supreme Court. One possible outcome for this court in dealing with the issue of is this a novel issue is to stay the appeal pending the outcome of that application for leave where the Michigan Supreme Court may provide guidance that would alleviate any concerns about we're addressing an issue that the Michigan Supreme Court has not yet addressed. Another alternative would be to certify the question, but given all that's going on in the Reeves case, that seems like not a good idea. If the court decides that it's an abuse of discretion, the remedy seems to be to remand with an order to vacate, if the court takes that path, we would ask simply that the court make clear in its mandate that it's vacating the entire decision as to all state constitutional claims. We did not appeal the granting of the motion for summary judgment on Mr. Williams' state free speech claim, and we didn't appeal that intentionally because that invites a lot of the messy issues that are now before the Michigan Supreme Court in Reeves. So if there is to be a mandate that calls for vacating, we'd only ask to be clear that it's all state law claims and not merely the fair and just common. And the Reeves case that is pending potential certifications, cert to the Michigan Supreme Court, does it have a Michigan Court of Appeals citation? Not yet. It's a slip of opinion only. It's so new. Even the briefs that were filed in the last week in the Michigan Supreme Court do not have a case citation for it. It is appended to my principal brief and cited in my opinion. I would be happy to file a one-page supplement for this court with all the current briefing in that case if it would assist the court. But that case involves criticism of the Reeves, whether or not a federal remedy is an adequate remedy under state constitution, whether federal courts should decide what the state constitution is. There are a lot of issues in that case that aren't present in our current appeal because there is no analog to the fair and just treatment clause. Thank you. Thank you, counsel. Thank you for your arguments. The case will be submitted.